## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

In re Adoption of
Omar Gustavo Castillo

Case No. CA03-31

In re Adoption of
Ali Ersen Ercins

Case No. CA03-32

January 25, 2005

BY JUDGE WILLIAM H. LEDBETTER, JR.

Harry Fry, a resident of Spotsylvania County, seeks to adopt two male adults. He filed petitions alleging that each of the adoptee's best interests would be served by the adoption. With each petition he also filed the adoptee's consent.

As is customary in all adoptions in this Court, the Court referred these matters for investigation under Virginia Code § 63.2-1208. Department of Social Services filed a report recommending denial of the adoption in each case.

On January 10, 2005, pursuant to notice, Mr. Fry, Mr. Castillo, Mr. Ercins, and counsel appeared. They presented evidence and arguments in support of the petitions.

Mr. Castillo is a 33-year-old citizen of El Salvador. He came to the United States in 1991. There is some question as to whether he is a legal immigrant (he testified that he has a "case pending" regarding that issue), but he does possess a valid employment authorization card issued by Immigration Naturalization Service. Mr. Castillo met Mr. Fry in 1998. He works part-time and attends Northern Virginia Community College where Mr. Fry teaches. He lives with Mr. Fry.

Mr. Ercins, 27, is a citizen of Turkey. He came to the United States on a student visa in 1999. He has completed his education (an M.B.A. from Strayer College), and his visa is due to expire this summer. He met Mr. Fry on the

Internet before coming to the United States, and they continued their communications. He has lived with Mr. Fry since 2001.

In Virginia, an adult can adopt another adult under certain circumstances. Pertinent here, the adoption of any person 18 years of age or older is permissible if (1) the adoptee is at least 15 years younger than the petitioner, (2) the petitioner and adoptee have know each other for at least five years, (3) both parties are residents of Virginia and have been for at least two years, and (4) for good cause shown. Virginia Code § 63.2-1243.

The first three requirements appear to have been met, although the court questions whether persons who are not citizens of the United States and are in the country either illegally or on a soon-to-expire visa can be legal "residents" as that term is used in the adoption statutes. (Also, it seems that Mr. Fry and Mr. Ercins did not know one another for five years prior to the filing of the adoption petition, as the statute requires, but the five-year requirement has now been satisfied.)

However, the fourth requirement, good cause, has not been shown. The parties offered not a scintilla of evidence to show "good cause" for either adoption. Of course, it is evident that these adoptions would enable the adoptees to continue to live in the United States and to live with Mr. Fry, but the court finds no "good cause" in such consequences of these adoptions. No other reason is given or can be discerned from the record.

Therefore, the adoptions will be denied.